Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000887
29-JUN-2018
03:19 PM

NO. CAAP-17-0000887

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-17-0000887
STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NOS. 3DCW-17-0000900 and 3CPC-17-0000245)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000887 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0000900, district court criminal case number 3DCW-16-0001177, and circuit criminal court case number 3CPC-17-0000245 and this appeal by Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, in appellate court case number CAAP-17-0000887, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016) and HRS § 641-11 (2016). Spinney appears to be appealing from the following four interlocutory orders from three separate underlying case numbers:

> (1) the Honorable Peter Bresciani's April 17, 2017 interlocutory order in district court criminal case number 3DCW-16-0001177;[1]

---

[1] On May 6, 2016, Plaintiff-Appellee State of Hawai'i (the State) filed a complaint against Spinney in district court criminal case number 3DCW-
(continued...)

(2)    the Honorable Henry T. Nakamoto's May 16, 2017 bench warrant in district court criminal case number 3DCW-17-0000900;[2]

(3)    the Honorable Greg K. Nakamura's June 2, 2017 warrant of arrest in circuit court criminal case number 3CPC-17-000245;[3] and

(4)    the Honorable Melvin H. Fujino's December 4, 2017 order pertaining to bail in circuit court criminal case number 3CPC-17-000245.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from district court criminal cases is HRS § 641-12(a), which provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." The law that allows appeals from circuit court criminal cases is HRS § 641-11, which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." Both statutes authorize an appeal from a final judgment or final order that terminates the criminal proceedings in the case and leaves nothing further to be adjudicated by the trial court. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding appealability in a district court criminal case pursuant to HRS § 641-12); Nicol, 140 Hawai'i at 492, 403 P.3d at 269 (regarding appealability in a circuit court criminal case pursuant to HRS

---

[1](...continued)
16-0001177 for (1) one count of harassment in violation of HRS § 711-1106 (2014) and (2) one count of refusal or failure to provide a specimen for forensic identification in violation of HRS § 844D-111 (Supp. 2017).

[2]    On April 4, 2017, the State filed a complaint against Spinney in district court criminal case number 3DCW-17-0000900 charging Spinney with criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017).

[3]    On April 17, 2017, the district court entered an order in district court criminal case number 3DCW-16-0001177 committing the State's complaint to the circuit court in circuit court criminal case number 3CPC-17-000245 for further proceedings.

§ 641-11). None of the four interlocutory orders that Spinney is appealing is independently appealable, and, thus, all four interlocutory orders are eligible for appellate review only by way of a timely appeal from a final judgment or final order that terminates that particular criminal case. See, e.g., State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted)). Spinney filed his December 14, 2017 notice of appeal before any trial court's announcement or entry of any final decision in district court criminal case number 3DCW-17-0000900, district court criminal case number 3DCW-16-0001177, and circuit criminal court case number 3CPC-17-0000245, and, thus, his appeal is premature under Rule 4(b) of the Hawai'i Rules of Appellate Procedure and does not invoke our appellate jurisdiction under HRS § 641-12 or HRS § 641-11. We lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000887 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000887 are dismissed as moot.

DATED: Honolulu, Hawai'i, June 29, 2018.


Chief Judge


Associate Judge


Associate Judge

3